UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEBASTIAN LUBERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALVIN HINSON; KAILEY KANG; JOHN/JANE DOES 3,<br><br>　　　　　Defendants. | CASE NO. 2:23-cv-01396-JHC<br><br>ORDER |

# I
## INTRODUCTION

This matter comes before the Court on Defendants Calvin Hinson and Kailey Kang's "Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. # 11. Being fully advised, the Court GRANTS the motion and DISMISSES Plaintiff's claims for damages under Article 1, Section 7 of the Washington Constitution with prejudice and DISMISSES Plaintiff's 42 U.S.C. Section 1983 claim for violating his Fourth Amendment rights per the *Younger*[1] abstention doctrine.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

ORDER - 1

## II
### BACKGROUND

Plaintiff, Sebastian Lubers, proceeding *pro se*, appears to bring a Section 1983 civil rights claim for violation of his rights under the Fourth Amendment a claim for violation of Article 1 Section 7 of the Washington Constitution, Dkt. # 5 at 3, 5; Dkt. # 5-1 at 1, 4, against Calvin Hinson and Kailey Kang of the Seattle Police Department and John/Jane Does 3 of the King County Prosecuting Attorney's Office, Dkt. # 5 at 2.[2]

In 2022, Plaintiff was charged with Robbery in the First Degree, Attempted Kidnapping in the First Degree, and Stalking; that criminal case is currently pending. Dkt. ## 12-1 and 12-2.[3] In connection with that matter, Plaintiff was arrested by the Seattle Police Department on August 12, 2022. Dkt. # 5-1 at 1. He asserts that during intake, Defendant Hinson took Plaintiff's cell phone, viewed its contents, and then "downloaded all of the cellphones [*sic*] contents without a search warrant or any justification." Dkt. # 5-1 at 1. Plaintiff tried to retrieve his cellphone several times but was denied. *Id.* In one instance, Plaintiff was told by the Seattle

---

[2] Plaintiff does not explicitly state the alleged constitutional violation in his civil complaint cover sheet nor in his attached complaint. Dkt. ## 5, 5-1. Plaintiff merely states that the constitutional provisions at issue include a "1983 Civil Rights Violation." Dkt. # 5 at 3. "Section 1983 does not create substantive rights; it merely serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). But "[i]n civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, because the motion attached by Plaintiff filed in his pending state court criminal matter alleges Fourth Amendment and Article 1 Section 7 of the Washington Constitution violations, the Court reads Plaintiff's complaint to assert violations of both. Dkt. # 5-1 at 4.

[3] Defendants ask the Court to take judicial notice of the Information and Docket from King County Superior Court case # 22-1-00632-0 SEA, attached at Dkt. ## 12-1 and 12-2. Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Courts may also take notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks omitted). Thus, the Court takes notice of the exhibits requested by Defendants.

ORDER - 2

Police Department Evidence Unit that his cellphone was in the possession of Defendant Kang "in her drawer." *Id.*

On September 8, 2023, in the criminal case, Plaintiff's defense attorney moved to "suppress all evidence illegally obtained on August 23, 2022,[4] in violation of Mr. Lubers [*sic*] rights under the Fourth Amendment; Article 1 Section 7 of the Washington Constitution; and CrR 2.3(e)." Dkt. # 5-1 at 4.

In this matter, Plaintiff seeks damages in the amount of "$1,000 per day since August 12, 2022 – and $1,000 per day until property returned total[ing] $369,000[.]" Dkt. # 5 at 5.

Defendants Hinson and Kang filed a "partial" motion to dismiss on December 21, 2023, asserting the following: (1) "the seizure of Plaintiff's phone incident to a valid arrest and retention of Plaintiff's phone during a criminal prosecution did not violate Plaintiff's Constitutional rights"; (2) "the *Younger* doctrine bars Plaintiff's claims"; (3) "Officers are entitled to Qualified Immunity"; and (4) "there is no *Monell* claim[.]"[5]  Dkt. # 11 at 4–9.

### III
### DISCUSSION

A.   Claim Based on Washington State Constitution

"Washington law contains no counterpart to 42 U.S.C. § 1983, and Washington courts reject invitations to establish a cause of action for damages based upon [Washington State] constitutional violations without the aid of augmentative legislation." *Blinka v. Wash. State Bar Ass'n*, 109 Wash. App. 575, 591, 36 P.3d 1094, 1102 (2001) (internal citation and quotation

---

[4] On this date, Defendant Hinson allegedly searched Plaintiff's phone using Cellebrite software. Dkt. # 5-1 at 5.

[5] "In an abundance of caution," Defendants Hinson and Kang seek dismissal of any claims against the City of Seattle (City) or the Seattle Police Department (SPD). Dkt. # 11 at 9.  But Plaintiff does not name the City or SPD in his Complaint.  Nor does the Court see any indication in the record that Plaintiff is asserting a *Monell* claim against the City or SPD.  Thus, the Court declines to address the *Monell* issue.

ORDER - 3

marks omitted).  Article 1, Section 7 of the Washington Constitution states, "No person shall be disturbed in his private affairs, or his home invaded, without authority of law."  WASH. CONST. art. 1, § 7.  Here, Plaintiff seeks damages for the seizure and search of his cell phone.  Dkt. # 5 at 5.  But because there exists no cause of action for damages under Article 1, Section 7, his claim under that provision of the Washington Constitution must be dismissed with prejudice.  *See, e.g.*, *Magana v. Yakima Cnty.*, No. 1:23-CV-03041-SAB, 2023 WL 3855044, at *1 (E.D. Wash. June 6, 2023) (Plaintiff's Washington state Constitution Article 1 Section 7 cause of action dismissed with prejudice); *Lobdell v. Cnty. of Spokane*, No. 2:22-CV-00020-MKD, 2023 WL 2562389, at *11 (E.D. Wash. Mar. 16, 2023) (complaint bringing Fourth, Fifth, Eight, and Fourteenth Amendment claims under 42 U.S.C. Section 1983 and alleged violations of the Washington State Constitution, Article 1, Section 7, dismissed with prejudice).

B.     Claim Based on Fourth Amendment

The *Younger* abstention doctrine bars Plaintiff's Section 1983 claim based on the Fourth Amendment.  This doctrine "reflects the strong federal policy against federal interference with state judicial proceedings."  *Delta Dental Plan of California, Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998).  *Younger* abstention is required when there is (1) a pending state proceeding, judicial in nature, (2) that involves important state interests, (3) in which the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding, and (4) in which, absent abstention, the federal court would interfere with the state proceeding in a way that *Younger* disapproves.  *Gilbertson v. Albright*, 381 F.3d 965, 970–75 (9th Cir. 2004).

The currently pending criminal matter against Plaintiff satisfies all four of these criteria.  First, the proceedings are ongoing.  Dkt. # 12-2 at 5.  Second, the criminal proceedings involve a criminal prosecution involving important state interests.  *See*, *e.g.*, *Bigford v. Lakewood Police Dep't*, No. C12-6045 BHS/KLS, 2013 WL 1944509, at *1 (W.D. Wash. Mar. 29, 2013), *report*

*and recommendation adopted*, No. C12-6045 BHS, 2013 WL 1944580, at *1 (W.D. Wash. May 9, 2013) (in its *Younger* abstention analysis, the court found proceedings involving a criminal prosecution to implicate important state interests). Third, Plaintiff may litigate federal constitutional issues in the state criminal proceeding. Indeed, attached to Plaintiff's civil complaint is his motion in the criminal matter raising Fourth Amendment and Article 1 Section 7 of the Washington Constitution arguments relating to the search of the cell phone. Dkt. # 5-1. Finally, assuming this Court ruled on Plaintiff's alleged Fourth Amendment violation before the criminal matter is resolved, such determination could affect any would-be conviction. *See*, *e.g.*, *Bigford*, 2013 WL 1944509, at *1 (court held "[a]ssuming [Plaintiff] were awarded damages in this civil matter [alleging violation of his Fourth Amendment rights] before his underlying criminal matter is resolved, such an award would have the practical effect of invalidating any would-be conviction.").

## IV
### CONCLUSION

Based on the above, the Court GRANTS Defendants' "partial" motion to dismiss. Dkt. # 11. The Court DISMISSES with prejudice Plaintiff's claim based on Article 1, Section 7 of the Washington Constitution. Applying the *Younger* abstention doctrine, the Court DISMISSES without prejudice Plaintiff's Section 1983 claim for violation of his Fourth Amendment rights.[6]

Dated this 27th day of February, 2024.

John H. Chun
United States District Judge

---

[6] While Defendants' motion to dismiss is titled as "Partial", because the Court is dismissing Plaintiff's Article 1, Section 7 Washington Constitution claims for inability to bring claim for damages and the remaining Section 1983 Claims for violation of Plaintiff's Fourth Amendment rights under *Younger*, this Order dismisses all claims against all existing Defendants.

ORDER - 5